IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 22-445** |
| | : | |
| **v.** | : | |
| | : | |
| **NYKEE STONE** | : | |

**MEMORANDUM**

**Savage, J.**                                                                                                              **December 21, 2023**

Defendant Nykee Stone was indicted and charged with possessing a firearm by a felon in violation of 18 U.S.C. § 922(g).  He has moved to dismiss the Indictment.  Relying on *Range v. Attorney General United States*, 69 F.4th 96 (3d Cir. 2023), he contends that § 922(g) is unconstitutional on its face and as applied to him.  The government opposes the motion, arguing that defendant's prior convictions show he poses a danger to others, subjecting him to firearms' regulation consistent with history and tradition.

Agreeing with the government, we find that it has met its burden to demonstrate that our Nation's history and tradition of disarming those who pose a danger supports disarming the defendant.  Therefore, we shall deny the motion.

Only "law-abiding citizens" enjoy the Second Amendment right to arm themselves or to bear arms. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2133 (2022).  In *Bruen*, Justice Alito, concurring, emphasized that the holding did not "disturb[] anything that we said in *Heller* . . .  about restrictions that may be imposed on the possession or carrying of guns." *Id*. at 2157 (Alito, J., concurring).  He reiterated what the Court had said in *District of Columbia v. Heller*, 554 U.S. 570 (2008).  In *Heller*, the Court

made clear that "nothing in our opinion should be taken to cast out any longstanding prohibitions on the possession of firearms by felons." *Id*. at 626.

In *Range*, the *en banc* Third Circuit Court of Appeals held that the government could not constitutionally deprive a law-abiding citizen of his Second Amendment right to have a firearm unless the deprivation is supported by the historical tradition of this Nation. *Range*, 69 F.4th at 101.  Applying the historical framework analysis, the Court held that the government had not shown that the firearm regulation as applied to Range and "people like him" was supported by "longstanding history and tradition." *Id*. at 106.

The *Range* Court made it clear that its decision was "a narrow one" and applied only to Range and people like him.  *Id.*  In his concurring opinion citing statements made in *Heller* and *Bruen*, Judge Ambro emphasized that *Range* does not spell doom for § 922(g)(1) which "remains 'presumptively lawful.'"  *Id*. at 109-110 (quoting *Bruen*, 142 S. Ct. at 2162) (Kavanaugh, J., concurring).  Thus, we reject the defendant's facial challenge.

The government still has the burden to overcome the presumption that the defendant's conduct is protected.  It "must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms."  *Bruen*, 142 S.Ct. at 2127.

Our colleagues in this district have decided that the ban on possession of firearms by a person previously convicted of crimes is constitutional.[1]  We cannot improve or add

---

[1] *See, e.g., United States v. Perkins,* No. CR 23-66, 2023 WL 7329503, at *3 (E.D. Pa. Nov. 7, 2023) (Pratter, J.) (rejecting as-applied challenge to § 922(g)(1) by defendant with convictions for robbery); *United States v. Johnson,* No. 23-77, 2023 WL 6321767, at *3 (E.D. Pa. Sept. 27, 2023) (Pappert, J.) (rejecting as-applied challenge to § 922(g)(1) by defendant with convictions for unlawfully carrying firearms and receiving stolen property); *United States v. Pearson*, No. CR 22-271, 2023 WL 6216527, at *3 (E.D. Pa. Sept. 25, 2023) (Kearney, J.) (denying as-applied challenge to § 922(g)(1) by defendant with multiple felony convictions on drug distribution and a firearm offense); *United States v. Blackshear*, No. 23-159, 2023 WL

to their thoughtful and well-reasoned opinions.  Therefore, we join them in holding that § 922(g) does not violate the Second Amendment.

In analyzing claims that § 922(g) is unconstitutional, they applied the historical framework for assessing the constitutionality of a firearm regulation established in *Bruen*. By the mid-19th century, states had adopted statutes that required individuals "threatening to do harm" to "post bond before carrying weapons in public."  *Bruen*, 142 S.Ct. at 2148.  We have a history and tradition in this nation of "disarming those persons who legislatures believe would, if armed, pose a threat to the orderly functioning of society."  *Range*, 69 F.4th at 110 (Ambro, J., concurring).

The defendant has multiple prior convictions.  They include three convictions for possession of drugs with intent to deliver and one for possession of a firearm without a license.  These convictions demonstrate that the defendant poses a danger.  He is not like Range.  He is not a law-abiding citizen protected by the Second Amendment.  Thus, we conclude that the government has met its burden to show that § 922(g) as applied to the defendant is constitutional.

---

5985284 (E.D. Pa. Sept. 14, 2023) (Pappert, J.) (denying as-applied challenge to § 922(g)(1) by defendant with multiple felony drug and firearm convictions) (citing *Smith v. United States*, 508 U.S. 223, 240 (1993)); Order, Sept. 7, 2023, *United States v. Dominque Butler,* No. 23-cr-233, ECF No. 21 (Kenney, J.) (rejecting as-applied challenge to § 922(g)(1) by defendant with convictions for robbery, conspiracy to commit robbery, and possession of a controlled substance with intent to deliver); *United States v. Ames*, No. 23-178, 2023 WL 5538073 (E.D. Pa. Aug. 28, 2023) (Kenney, J.) (denying as-applied challenge to section 922(g)(1) by defendant with felony robbery and aggravated assault offenses based "presumptively lawful" longstanding felon dispossession statutes) (citing *Heller*, 554 U.S. at 626-27 n. 26); *United States v. Brown,* No. CR 20-260-1, 2023 WL 424260, at *4 (E.D. Pa. Jan. 26, 2023) (Rufe, J.) (rejecting as-applied challenge to § 922(g)(1) by defendant with convictions for burglary, possession of narcotics with intent to deliver, and possession of a firearm without a license).